IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

WILLIE C. LOTT, INDIVIDUALLY AND AS
ADMINISTRATRIX OF THE ESTATE OF WADE
LOTT, FOR THE USE AND BENEFIT OF THE
ESTATE AND WRONGFUL DEATH BENEFICIARIES
OF WADE LOTT                                                                                          PLAINTIFF

V.                                                                          CIVIL ACTION NO. 3:03CV75-B-D

NATIONAL HERITAGE REALTY, INC.;
EVERGREEN HEALTHCARE, INC.;
GRANCARE, L.L.C.; MARINER HEALTH
CARE, INC.; J.D. LEE; GEORGE D. MORGAN;
DOLORES R. GOODE; JOHN DOES 1 THROUGH 10;
AND UNIDENTIFIED ENTITIES 1 THROUGH 10
[AS TO GRENADA HEALTH AND REHABILITATION CENTER]                        DEFENDANTS

**MEMORANDUM OPINION**

This cause comes before the court upon the plaintiff's renewed motion to remand. Upon due consideration of the motion, response, exhibits, and supporting and opposing authority, the court is ready to rule.

Factual and Procedural Background

The plaintiff, Willie C. Lott, filed this wrongful death case as the administrator on behalf of the estate of Wade Lott in the Circuit Court of Grenada County, Mississippi, on December 30, 2002, against various corporate and individual defendants associated with the Grenada Health and Rehabilitation Center, where Wade Lott resided until his death. The defendants removed the case to this court on April 16, 2003, alleging that the non-diverse defendant, Delores R. Goode, the nursing home administrator, was improperly joined. The plaintiff subsequently moved to remand.

On February 6, 2004, this court denied remand and stayed the case pending the Fifth Circuit's ruling in *Gray v. Beverly Enterprises-Mississippi, Inc.*, 390 F.3d 400 (5th Cir. 2004). This court stated that the plaintiff could re-file his remand motion after the appellate court's ruling in *Gray*. The Fifth Circuit issued the mandate in *Gray* on December 12, 2004, thus lifting the stay in the present case. The plaintiff filed his renewed motion to remand thereafter.

Analysis

The Fifth Circuit held in *Gray* that injured nursing home residents have a reasonable possibility of stating negligence claims against nursing home administrators under Mississippi law. *Gray*, 390 F.3d at 408. Applying *Gray* to the present case, the court finds that the plaintiff is clearly entitled to remand. Defendant Delores Goode, the nursing home administrator, has not been improperly joined, as the plaintiff has a reasonable possibility of stating a claim against her under Mississippi law.

The defendants acknowledge the ruling in *Gray* and its applicability to the present case. The defendants argue, however, that the case should be stayed yet again pending rulings in two Mississippi Supreme Court cases on point and in another Fifth Circuit case, *Aldridge v. Lee*, Case Number 03-60932, which will address the issue of administrator liability.

However, after the defendants filed their response to the renewed motion to remand, the mandate was issued in *Aldridge v. Lee*, and the court's ruling is consistent with *Gray*. The Mississippi Supreme Court cases, *Howard v. Patton*, Case Number 2005-M-00117-SCT, and *Howard v. Estate of Earline B. Harper*, Case Number 2005-M-00115-SCT, remain pending, and the court finds no compelling reason to stay the present case indefinitely until rulings are entered in these cases. As Mississippi law currently stands, the plaintiff is clearly entitled to remand. Further, the

2

case at bar has been previously stayed for a significant period of time, and the court finds that the parties should move toward resolution of this matter. Judicial economy will best be served by denial of another stay order.

## Conclusion

For the foregoing reasons, the court finds that the plaintiff's renewed motion to remand is well-taken and shall be granted. This case shall be remanded to the Circuit Court of Grenada County, Mississippi. An order in accord with this opinion shall issue this day.

This, the 25th day of July, 2005.

/s/ Neal Biggers
_____
**NEAL B. BIGGERS, JR.**
**SENIOR U.S. DISTRICT JUDGE**